Mark Williams (3494)
markwilliams@ppktrial.com
David R. Parkinson (8258)
davidparkinson@ppktrial.com
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
Telephone: (801) 530-2900
Facsimile: (801) 530-2957

FILED
U.S. DISTRICT COURT

2013 JAN 16  P 4: 16

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIMITLESS WORLDWIDE, LLC a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCARE INTERNATIONAL, LP, a Delaware limited partnership,<br><br>Defendant. | **COMPLAINT**<br><br>Case: 2:13cv00040<br>Assigned To : Wells, Brooke C.<br>Assign. Date : 1/16/2013<br>Description: Limitless Worldwide v. Advocare International |

Plaintiff Limitless Worldwide, LLC ("Plaintiff" or "Limitless") sues Defendant AdvoCare International ("Defendant" or "Advocare") for declaratory relief and alleges as follows:

## NATURE OF ACTION

This is a civil action seeking a declaration from the Court concerning the parties' rights and obligations. Specifically, Plaintiff seeks a declaration it is not infringing any trademark or other right of the Defendant by its use of the marks "SPARK," "SPARK LIQUID SHOT" and "LIMITLESS SPARK," (the "LIMITLESS Marks") to identify its reaction time accelerator product. The Defendant alleges that the LIMITLESS Marks are infringing on its trademark ADVOCARE

SPARK (the "ADVOCARE Mark"). The Defendant further claims that consumers will be confused by the alleged similarity between the LIMITLESS Marks and the ADVOCARE Mark.

This matter is appropriate for declaratory judgment because the Defendant has threatened litigation and demanded that Plaintiff cease and desist its use of the LIMITLESS Marks. The Plaintiff currently is spending significant sums marketing its products using the LIMITLESS Marks. The parties require a judicial determination that the Plaintiff's use of the LIMITLESS Marks in no way damages, harms, or infringes the rights of the Defendant. Such a ruling will prevent uncertainty regarding Plaintiff's and Defendant's marketing and brand investment.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1338.

2. The Court has personal jurisdiction over the Defendant under Utah's long-arm statute, UCA §§78B-3-201 and 78B-3-205, because the Defendant has transacted business within the state by selling goods within the state of Utah and advertising goods for sale within the State of Utah, all of which are marked with the trademarks, which are the subject and subject matter of this declaratory relief complaint.

3. Venue is proper in the Federal District Court of Utah, pursuant to 28 U.S.C.A. 1391(c).

## PARTIES

4. Limitless Worldwide, LLC is a limited liability company organized and existing under the laws of the State of Utah, with is principal place of business in Salt Lake County, State of Utah.

5. Upon information and belief, Defendant AdvoCare International, LP., is a Delaware limited partnership with a place of business in Plano, Texas.

## GENERAL ALLEGATIONS

6. On September 5, 2003, the Defendant filed for the trademark "ADVOCARE SPARK," for goods and services limited to a "[n]utritional dietary supplement in the form of a powdered drink mix," Trademark Registration Number 3303370. A true and correct copy of ADVOCARE SPARK trademark registration is attached as Exhibit 1.

7. Upon information and belief, the Defendant began marketing ADVOCARE SPARK products in 2004.

8. Upon information and belief, Defendant markets its ADVOCARE SPARK product via direct sellers who exclusively market all of Defendant's products.

9. Upon information and belief, Defendant's only ADVOCARE SPARK product is a powdered drink mix.

10. Beginning in 2012, Plaintiff first used in commerce the words "SPARK," "LIMITLESS SPARK," and "SPARK LIQUID SHOT" to describe its reaction time accelerator product.

11. Plaintiff began using all or some of the LIMITLESS Marks to market and sell a two-ounce liquid shot beverage beginning in 2012.

12. Plaintiff has continuously used all or some of the LIMITLESS marks since 2012.

13. Plaintiff's LIMITLESS SPARK product is sold exclusively via Plaintiff's independent direct sellers who exclusively market Plaintiff's products.

14. There is no similarity in trade channels between the LIMITLESS Marks and the ADVOCARE mark because they are both sold independent direct distributers. It is not possible

to purchase any ADVOCARE SPARK product from any source other than Defendants' independent distributors. Similarly, it is not possible to purchase any LIMITLESS Spark product from any source other than Plaintiff's independent distributors. Due to the different channles of trade and distribution, the LIMITLESS Marks and the ADVOCARE MARK are never sold, or seen by consumers, side by side.

15. There is no similarity in goods because the LIMITLESS SPARK is a liquid ready-to-drink beverage whereas the ADVOCARE SPARK is a powdered drink mix.

16. The LIMITLESS Marks and the ADVOCARE Mark are distinct because each mark as used clearly identifies each company as the source of the product.

17. There is no actual consumer confusion between the LIMITLESS Marks and the ADVOCARE mark, and there is no likelihood of confusion between the LIMITLESS Marks and the ADVOCARE mark.

18. Any alleged similarity in sound and appearance between the LIMITLESS Mark and the ADVOCARE Mark is not enough to create confusion, particularly considering the products are sold via completely different channels of direct sellers and the source of each product is clearly identified within the marks and on the packaging used to sell products bearing the marks.

19. Defendant has contacted Plaintiff in writing on two occasions, and demanding that Plaintiff cease and desist from using the LIMITLESS Marks.

20. Defendant has threatened legal action via the written communications.

21. If Defendant's allegations are correct, Plaintiffs may be liable for damages, subject to injunctive relief, or other remedies.

22. Although baseless, the Defendant's allegations have created significant uncertainty for Plaintiff and its marketing efforts.

23. The parties are adverse because Plaintiff and Defendant are in no way realted to one another.

24. Plaintiff has a legally protectable interest in disputing Defendant's allegations of trademark infringement.

25. The issues are ripe for adjudication because the Defendant has demanded that Plaintiff cease and desist from using the LIMITLESS Marks and has threatened legal action if Plaintiff fails to meet Defendant's demands. Defendant's allegations, if true, would require significant alteration the current product packaging, labels, marketing materials, and branding materials for products bearing the LIMITLESS Marks.

26. Plaintiff is entitled to a declaratory judgment that Plaintiff is not infringing Defendant's trademark or any other right because the LIMITLESS Marks do not infringe any of Defendant's rights, there is no actual or potential consumer confusion between the LIMITLESS Marks and the ADVOCARE Mark given the differences in the products and channels in which they are sold, the source of each products is clearly identified within the marks, and the Defendants have suffered no damage as a result of the Plaintiff's use of the LIMITLESS Marks.

## CAUSE OF ACTION

## DECLARATORY RELIEF

27. Plaintiffs re-allege the allegations of paragraph 1-26 as if set forth in full herein.

28. There is a justiciable controversy based upon an accrued set of facts because the Defendant alleges that the Plaintiff's use of the LIMITLESS Marks infringe its mark, resulting in consumer confusion, and damage to the Defendant.

29. There is an actual conflict because the Plaintiff and Defendant dispute whether there is actual or potential consumer confusion between the LIMITLESS Marks and the ADVOCARE mark.

30. The parties are adverse because the Plaintiff and Defendant are in no way related to one another.

31. The Plaintiff has a legally protectable interest in protecting its valuable trademark rights in the LIMITLESS Marks, the goodwill developed in said marks, and the significant investment in the LIMITLESS brand.

32. The issues are ripe for adjudication because the Defendant has alleged all necessary elements of a claim for damages, injunctive, or other relief against the Plaintiff.

## PRAYER FOR RELIEF

1. For a declaratory judgment that Plaintiff is not infringing any trademark or rights of Defendant through the use of the marks "SPARK," "LIMITLESS SPARK" and "SPARK LIQUID SHOT."

2. For a declaratory judgment that Plaintiff is not liable to Defendant for unfair competition or unfair business practices for using the marks "SPARK," "LIMITLESS SPARK" and "SPARK LIQUID SHOT."

3. For a declaratory judgment that Plaintiff has no obligation to discontinue the use of the marks "SPARK," "LIMITLESS SPARK" and "SPARK LIQUID SHOT."

4. For attorneys' fees, costs and expenses, as may be allowed by law.

5. For such other and further relief as the Court deems just, equitable and proper.

DATED this 16 day of January, 2013.

                                            /s/ signature
                                            MARK WILLIAMS
                                            DAVID R. PARKINSON
                                            Attorneys for Plaintiff

Plaintiff's Address:

5742 West Harold Gatty
Salt Lake City, UT 84116