D. Craig Parry (7274)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone:  (801) 532-7840
Facsimile:  (801) 532-7750
cparry@parrbrown.com

Blake A. Bailey (Pro Hac Vice Admission Pending)
Texas State Bar No. 01514700
CANTEY HANGER L.L.P.
1999 Bryan Street, Suite 3300
Dallas, Texas  75201
Telephone: (214) 978-4100
Facsimile:  (214) 978-4150
bbailey@canteyhanger.com

_____

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| LIMITLESS WORLDWIDE, LLC, | **ANSWER AND COUNTERCLAIM OF DEFENDANT ADVOCARE INTERNATIONAL, LP** |
| Plaintiff, | |
| vs. | **Jury Demanded** |
| ADVOCARE INTERNATIONAL, LP, | Case No. 2:13-cv-00040 |
| Defendant. | Magistrate Judge Brooke C. Wells |

_____

Defendant AdvoCare International, LP, a Delaware limited partnership ("AdvoCare") states as follows in answer to Plaintiff's Complaint and as its counterclaim requests a temporary restraining order, a preliminary and permanent injunction, and damages against Plaintiff Limitless Worldwide, LLC ("Limitless"):

1.	AdvoCare admits the allegations contained in paragraph 1 of the Complaint.

2.	AdvoCare admits the allegations contained in paragraph 2 of the Complaint.

3.      AdvoCare admits the allegations contained in paragraph 3 of the Complaint.

4.      AdvoCare is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Complaint; however, based on information and belief, AdvoCare denies these allegations.

5.      AdvoCare admits the allegations contained in paragraph 5 of the Complaint.

6.      AdvoCare denies the allegations contained in paragraph 6 of the Complaint; AdvoCare admits that it filed an application to register its "AdvoCare Spark" trademark with the United States Patent and Trademark Office on September 5, 2003; that the application identified that mark as being used in connection with goods as "Nutritional dietary supplement in the form of a powdered drink mix;" that the trademark application was approved and registered by the USPTO under Registration Number 3303370; and that Exhibit 1 to the Complaint appears to be a copy of the Trademark Registration Certificate.   AdvoCare affirmatively denies that the trademark application "limited" its trademark rights to the goods and services described in the application.  Except as expressly admitted herein, AdvoCare denies each and every allegation of this paragraph.

7.      AdvoCare denies the allegations contained in paragraph 7 of the Complaint.

8.      AdvoCare denies the allegations contained in paragraph 8 of the Complaint.

9.      AdvoCare admits that the goods sold bearing the mark "AdvoCare Spark" are powdered drink mixes and states that AdvoCare also sells liquid beverages and other products as well.  Except as expressly admitted herein, AdvoCare denies each and every allegation of this paragraph.

10.      AdvoCare is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies those allegations.

4818-2406-5042

11.     AdvoCare is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies those allegations.

12.     AdvoCare is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies those allegations.

13.     AdvoCare denies the allegations contained in paragraph 13 of the Complaint.

14.     AdvoCare denies the allegations contained in paragraph 14 of the Complaint.

15.     AdvoCare denies the allegations contained in paragraph 15 of the Complaint.

16.     AdvoCare denies the allegations contained in paragraph 16 of the Complaint.

17.     AdvoCare denies the allegations contained in paragraph 17 of the Complaint.

18.     AdvoCare denies the allegations contained in paragraph 18 of the Complaint.

19.     AdvoCare admits the allegations contained in paragraph 19 of the Complaint.

20.     AdvoCare admits the allegations contained in paragraph 20 of the Complaint.

21.     AdvoCare admits the allegations contained in paragraph 21 of the Complaint.

22.     AdvoCare denies the allegations contained in paragraph 22 of the Complaint.

23.     AdvoCare admits the allegations contained in paragraph 23 of the Complaint that the parties are adverse within the meaning of the Declaratory Judgment Act.  Except as expressly admitted herein, AdvoCare denies each and every allegation of this paragraph.

24.     AdvoCare denies the allegations contained in paragraph 24 of the Complaint.

25.     AdvoCare admits the allegations contained in paragraph 25 of the Complaint.

26.     AdvoCare denies the allegations contained in paragraph 26 of the Complaint.

27.     No response is required to paragraph 27 of the Complaint.

28.     AdvoCare admits the allegations contained in paragraph 28 of the Complaint.

29.     AdvoCare admits the allegations contained in paragraph 29 of the Complaint.

30.     AdvoCare admits the allegations contained in paragraph 30 of the Complaint.

31.     AdvoCare denies the allegations contained in paragraph 31 of the Complaint.

32.     AdvoCare admits the allegations that this matter is ripe for adjudication, but denies the remaining allegations contained in paragraph 32 of the Complaint.

33.     AdvoCare denies all allegations contained in the Complaint which are not expressly admitted herein.

34.     Except as expressly admitted herein, AdvoCare denies each and every allegation of this paragraph.

35.     AdvoCare denies the allegations contained in paragraph 7 of the Complaint.

36.     AdvoCare denies the allegations contained in paragraph 8 of the Complaint.

37.     AdvoCare admits that the goods sold bearing the mark "AdvoCare Spark" are powdered drink mixes and states that AdvoCare also sells liquid beverage and other products as well.  Except as expressly admitted herein, AdvoCare denies each and every allegation of this paragraph.

38.     AdvoCare is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies those allegations.

39.     AdvoCare is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies those allegations.

40.     AdvoCare is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies those allegations.

41.     AdvoCare denies the allegations contained in paragraph 13 of the Complaint.

42.     AdvoCare denies the allegations contained in paragraph 14 of the Complaint.

43.     AdvoCare denies the allegations contained in paragraph 15 of the Complaint.

44.     AdvoCare denies the allegations contained in paragraph 16 of the Complaint.

45.     AdvoCare denies the allegations contained in paragraph 17 of the Complaint.

46.    AdvoCare denies the allegations contained in paragraph 18 of the Complaint.

47.    AdvoCare admits the allegations contained in paragraph 19 of the Complaint.

48.    AdvoCare admits the allegations contained in paragraph 20 of the Complaint.

49.    AdvoCare admits the allegations contained in paragraph 21 of the Complaint.

50.    AdvoCare denies the allegations contained in paragraph 22 of the Complaint.

51.    AdvoCare admits the allegations contained in paragraph 23 of the Complaint that the parties are adverse within the meaning of the Declaratory Judgment Act.  Except as expressly admitted herein, AdvoCare denies each and every allegation of this paragraph.

52.    AdvoCare denies the allegations contained in paragraph 24 of the Complaint.

53.    AdvoCare admits the allegations contained in paragraph 25 of the Complaint.

54.    AdvoCare denies the allegations contained in paragraph 26 of the Complaint.

55.    No response is required to paragraph 27 of the Complaint.

56.    AdvoCare admits the allegations contained in paragraph 28 of the Complaint.

57.    AdvoCare admits the allegations contained in paragraph 29 of the Complaint.

58.    AdvoCare admits the allegations contained in paragraph 30 of the Complaint.

59.    AdvoCare denies the allegations contained in paragraph 31 of the Complaint.

60.    AdvoCare admits the allegations that this matter is ripe for adjudication, but denies the remaining allegations contained in paragraph 32 of the Complaint.

61.    AdvoCare denies all allegations contained in the Complaint which are not expressly admitted herein.

Without conceding the burden of proof as to any of the following, and without waiving the right to require that Limitless present *prima facie* evidence in support its cause of action alleged against AdvoCare, considering the applicable standards of proof, AdvoCare provides the following additional defenses:

5

## FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim for which relief can be granted against AdvoCare and therefore must be dismissed.

## SECOND SEPARATE DEFENSE

Limitless filed this action as an anticipatory action that should therefore be dismissed.

## THIRD SEPARATE DEFENSE

AdvoCare expressly reserve the right to amend its Answer to assert other defenses that may be discovered in the course of this lawsuit.

## COUNTERCLAIM

Defendant AdvoCare, as its Counterclaim, states as follows, moves for entry of a Temporary Restraining Order, a Preliminary and Permanent Injunction, and seeks an award of actual and enhanced damages:

### Parties

1.      AdvoCare is a limited partnership organized under the laws of the State of Delaware which maintains its principal place of business in Plano, Texas.

2.      On information and belief, Limitless is a Nevada limited liability corporation with its principal place of business in Salt Lake City, Utah.  Limitless has appeared in this action and may be served by serving its counsel of record pursuant to Fed. R. Civ. P. 5.

### Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.  Venue is proper pursuant to 28 U.S.C. § 1391 (b).

4.      The state law claims asserted herein arise out of a nucleus of facts common to the federal claims, all of which would be expected to be tried in the same action.  This Court therefore has supplemental jurisdiction over the state law claims pursuant to 35 U.S.C. § 1367(a).

4818-2406-5042

**Factual Background**

5.      AdvoCare is a premier health and wellness company offering world-class energy, weight-loss, nutrition, and sports performance products throughout the United States.  AdvoCare has been producing, marketing, and selling its products since 1994.

6.      AdvoCare advertises extensively that its products are developed in connection with distinguished professionals from the fields of nutrition, pharmacology, biology, kinesiology, and medicine and are made from the highest-quality ingredients.  AdvoCare also advertises that AdvoCare Spark and many of its other products are tested by an independent program called Informed Choice and certified that they are free of any substances that are banned from use in competition by professional, Olympic, and amateur athletes.   Many customers, including professional and amateur athletes, rely on the quality and reputation of AdvoCare products and on the certification by Informed Choice that these products are free of banned substances and places AdvoCare as a respected leader in the sports performance and nutrition industries. AdvoCare and its individual products have developed a reputation for being high quality, safe, and effective goods.

7.      Beginning in February 1994, AdvoCare began to market and sell a nutritional energy drink using the trademark "Spark."  In 2004, AdvoCare filed an application to federally register a trademark for the words "AdvoCare Spark" for "Nutritional dietary supplement in the form of a powdered drink mix."  The application was approved and a certificate of registration was issued to AdvoCare for "AdvoCare Spark" bearing Registration No. 3,303,370.  On its packaging and advertising, the word "AdvoCare" appears in smaller capital letters followed by the word "Spark" in larger letters.  "Spark" continues to be the dominant portion of the mark as seen from the current label art:



8.    AdvoCare Spark is a nutritional beverage enhanced with vitamins and natural sources of caffeine which is promoted to sharpen mental focus and increase energy.  AdvoCare Spark competes with other energy drinks on the market.

9.    AdvoCare has consistently and continuously used "Spark" and "AdvoCare Spark" in this manner since their first use in 1994 and 2004, respectively.  AdvoCare Spark is frequently referred to and advertised by AdvoCare's customers, distributors, and the company as both "AdvoCare Spark" and simply as "Spark."  Spark forms the dominant portion of the mark as used in commerce and as registered.

10.    AdvoCare's trademark registration is valid, unrevoked, and constitutes prima facie evidence of AdvoCare's exclusive ownership of these trademarks and its right to protection from anyone using a confusingly similar mark.

11.    In addition to the rights achieved in both "AdvoCare Spark" and "Spark," after nearly twenty years of marketing and sales, AdvoCare has also established common law rights in the name "Spark" in connection with energy drinks.

4818-2406-5042

12.     AdvoCare has continually used the "AdvoCare Spark" and "Spark" marks in advertising campaigns, including on national television broadcasts, through its website at www.AdvoCare.com, and has been actively involved in the community in its efforts to promote its brand, including its sponsorship of various professional and collegiate sporting events. Professional athletes use and have endorsed AdvoCare products, including AdvoCare Spark.

13.     AdvoCare and its independent distributors have spent significant sums of money and expended significant effort in advertising, promoting, and developing its trademarks, including AdvoCare Spark and Spark throughout the United States (the "AdvoCare Marks").  As a result, AdvoCare has established considerable and valuable goodwill in the AdvoCare Marks. AdvoCare customers and the general public have come to associate the AdvoCare Marks as distinctive and recognized symbols of AdvoCare's products.  AdvoCare Spark is the signature and highest selling product in the AdvoCare line of goods.

14.     AdvoCare products, including AdvoCare Spark, are sold by the company through distributors and those distributors then resell the product to the general public.  Customers may also buy AdvoCare products through AdvoCare's website which will direct a customer to a particular distributor in their area.

15.     Since 1998, over 12 million units of Spark have been sold in the United States by AdvoCare and its distributors (each unit is either a canister or a box, currently, there are between 14 and 42 servings per unit); sales in Utah during this period exceed $1,500,000.  Thus, in addition to the rights it has obtained through the federal registration of "AdvoCare Spark;" "AdvoCare Spark" and "Spark" are famous marks associated with the specific products manufactured and sold by AdvoCare.

16.     AdvoCare Spark has become known for its high quality ingredients, effective products, and for the fact that many AdvoCare products are tested by an independent laboratory

4818-2406-5042

and certified to be free of any substances banned by various governing bodies of professional and amateur sports.

17.     AdvoCare recently learned that Limitless has begun advertising and selling an energy drink using the name "Spark."  Limitless is not affiliated, sponsored, or approved by AdvoCare and is not authorized to use the AdvoCare Marks or any portion of the AdvoCare Marks.

18.     The advertising materials available through the Limitless website (http://www.limitlessworldwidellc.com) show that Limitless is promoting an energy drink using the mark "Spark".  Although its pleadings identify the mark as "Limitless Spark": the photographs of the product on the website, the advertising itself, and the use of TM after the word "Spark" reveal that its actual use references the product simply as "Spark" and that when used with Limitless, it is separated from Limitless and not used as "Limitless Spark."  The following is a true and correct copy of a portion of the page from the Limitless website[1]:



---

[1]   http://nettrax.myvoffice.com/limitless/ShoppingCart/Shop.cfm?CurrPage=FrontPage&NextPage=CategoryDetail&CategoryID=28&pid=14055910804592324

4818-2406-5042

19.     The energy drink marketed by Limitless and the energy drink marketed by AdvoCare are competing products.  Both products compete in the energy drink segment of the market.  Both are promoted to increase mental focus and energy.  Both are distributed through direct sales representatives and promoted over the internet.  In fact, Limitless has applied for membership in the Direct Selling Association, the same organization in which AdvoCare has been a long term member through which AdvoCare promotes its membership as a hallmark of AdvoCare's commitment to ethical business practices.

20.     The marks are likely to cause confusion.  Limitless is using the dominant feature of the registered AdvoCare Sparks mark on a competitive product.  Such use is an infringement of the AdvoCare Marks.  By infringing on the AdvoCare Marks, Limitless is using the goodwill established by the AdvoCare Marks and palming off its products as being the same as, related to, sponsored by, or having the same attributes as those sold under the AdvoCare Marks.

21.     On December 14, 2012, AdvoCare notified Limitless of AdvoCare's ownership and first use of AdvoCare Spark and that use of "Spark" by Limitless in connection with an energy drink would infringe upon AdvoCare's rights in its trademarks.  When Limitless failed to respond, AdvoCare contacted it again by letter dated January 8, 2013.  Limitless again failed to contact AdvoCare and instead, filed the instant action as a pre-emptive suit.  Limitless does not challenge AdvoCare's ownership of the AdvoCare Spark mark, but seeks a declaration that its use or intended use of the Spark portion of the AdvoCare Mark does not infringe upon AdvoCare's priority rights because it is a pre-mixed energy drink rather than a powdered mix and because AdvoCare's mark includes the word AdvoCare and because it is sold in powdered form rather than ready to drink form.  Limitless is wrong and Limitless' use is an infringement and is unlawful.

22.     Limitless is advertising its product by using the mark "Spark" and describing it as "an energy drink on steroids."  Limitless has failed to identify the ingredients in its product but claims one of its unnamed ingredients has been shown to increase the alertness of people who have been sleep deprived for days.  While it is mentioned only in the product warnings of the Limitless product, Limitless warns its product, using the Spark mark, contains an undisclosed amount of caffeine in excess of 220mg, which is at least nearly double the amount of caffeine in AdvoCare Spark and may be even higher since Limitless only states it is in excess of 200mg without disclosing exactly how much its product contains.  Limitless also warns in the fine print that new users should only use half a serving to begin and that no more than two single servings should be consumed in a twelve hour period.  The FDA, media, and consumers are focused on and expressing concerns about certain energy drinks which contain extremely high levels of caffeine and other undisclosed ingredients.  AdvoCare exercises extreme care in its ingredients and differentiates its products on this basis, including on limiting the amount of caffeine in the product.  AdvoCare is a member of the Council for Responsible Nutrition ("CRN") and serves on the CRN caffeine task force.  Any confusion or implied association between AdvoCare and the Limitless product, which admits to significantly higher but undisclosed levels of caffeine, contains other undisclosed ingredients, and promotes itself as "an energy drink on steroids" creates a significant risk of harm to AdvoCare's carefully developed and protected reputation as a leader and responsible nutritional product company.

23.     Limitless has advertised on its website that it intends to hold a convention beginning on February 8, 2013 to officially launch Limitless Worldwide and its products to distributors, including Limitless' energy drink using the infringing mark "Spark."

24.     Limitless' use of AdvoCare's Marks has caused and will continue to cause irreparable and substantial harm to AdvoCare.

**First Cause of Action**
**(Violation of the Lanham Act, 15 USC § 1114)**

25.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

26.     AdvoCare owns federally registered trademark rights in the mark "AdvoCare Spark" for nutritional energy drinks.  "AdvoCare Spark", as applied by AdvoCare to its energy drinks, is an arbitrary mark, inherently distinctive, and famous.  Therefore AdvoCare's use is protectable. The consuming public associates AdvoCare Spark exclusively with the specific energy drinks sold by AdvoCare, and with the quality, distinctiveness, and attributes, including the certification by Informed Choice, an independent third party testing company, that AdvoCare's Spark (and many other products) are free of any banned substances and contain levels of caffeine and vitamins and minerals which are safe and promote a healthy lifestyle and nutrition.

27.     Limitless is beginning to market and sell an energy drink under the name "Spark" (the "Limitless Product") without the authorization or consent of AdvoCare.  The use of "Spark" by Limitless is an infringement of AdvoCare's trademark rights and is being undertaken with knowledge of the AdvoCare Marks and with the intent to cause confusion, mistake, or to deceive and to trade on AdvoCare's established goodwill all in violation of 15 U.S.C. § 1141(1).

28.     There is a likelihood of confusion, mistake, or deception by Limitless selling an energy drink using the name "Spark" which is likely to cause permanent, irreparable injury to AdvoCare, AdvoCare distributors, and even to the AdvoCare customers.  The actions of Limitless constitute willful infringement of AdvoCare's exclusive rights in AdvoCare Spark.

29.     As a proximate result of the Limitless infringement, AdvoCare has suffered and will continue to suffer damages and Limitless is inappropriately profiting from its violation of the AdvoCare trademark rights under the Lanham Act, in an amount to be proven at trial.

30.     By reason of Limitless' bad faith and willful infringement, Advocare, as the trademark owner, is entitled to recover actual damages, treble damages, an accounting of Limitless' profits, attorneys' fees, and the cost of this litigation pursuant to 15 U.S.C. § 1117.

31.     Limitless' conduct as alleged herein was and is willful and malicious and manifests a knowing and reckless indifference toward, and a disregard of, the rights of AdvoCare in the AdvoCare Marks.   AdvoCare is therefore entitled to recover punitive damages from Limitless pursuant to Utah Code Ann. § 78B-8-201.

32.     AdvoCare has no adequate remedy at law for the damage to its goodwill in the AdvoCare Marks and will continue to be irreparably damaged unless and until Limitless is enjoined from its infringing and illegal conduct as alleged herein.

### Second Cause of Action
### (Violation of the Lanham Act, 15 USCS § 1125(a))

33.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

34.     In addition to its federally registered rights, AdvoCare has established common law rights in the word "Spark" in relation to energy drinks and similar products.   AdvoCare has properly and extensively used "Spark" in commerce throughout the United States since 1994. AdvoCare's common law rights in "Spark" predate Limitless' use.

35.     "Spark," as applied by AdvoCare to its energy drinks, is an arbitrary mark and is inherently distinctive, and is now a famous mark.   Therefore AdvoCare's use is protectable.

36.     Even if AdvoCare's use of "Spark" is found to not be arbitrary and inherently distinctive, AdvoCare's use of "Spark" has become distinctive through the acquisition of secondary meaning.

37.     The public associates the AdvoCare Marks exclusively with the specific energy drinks sold by AdvoCare, and with the quality, distinctiveness, and attributes of AdvoCare's product, including the certification that those goods are free of any banned substances and contain levels of caffeine and vitamins which are safe and promote a healthy lifestyle and nutrition.

38.     Limitless is beginning to market and sell the Limitless Product without the authorization or consent of AdvoCare.  The use of "Spark" by Limitless is an infringement of AdvoCare's trademark rights and is being undertaken with knowledge of the AdvoCare Marks and with the intent to cause confusion, mistake, or to deceive and to trade on AdvoCare's established goodwill.

39.     There is a likelihood of confusion, mistake, or deception by Limitless selling an energy drink using the name "Spark" which is likely to cause permanent, irreparable injury to AdvoCare, AdvoCare distributors, and even to the AdvoCare customers.  The actions of Limitless constitute willful infringement of AdvoCare's existing and exclusive rights in the "Spark" mark.

40.     As a proximate result of the Limitless infringement, AdvoCare has suffered and will continue to suffer damages and Limitless is inappropriately profiting from its violation of the AdvoCare trademark rights under the Lanham Act, in amounts to be proven at trial.

41.     By reason of Limitless' bad faith and willful infringement, Advocare, as the trademark owner, is entitled to recover actual damages, treble damages, an accounting of Limitless' profits, attorneys' fees, and the cost of this litigation pursuant to 15 U.S.C. § 1117.

42.     Limitless' conduct as alleged herein was and is willful and malicious and manifests a knowing and reckless indifference toward, and a disregard of, the rights of AdvoCare in the AdvoCare Marks.   AdvoCare is therefore entitled to recover punitive damages from Limitless pursuant to Utah Code Ann. § 78B-8-201.

43.     AdvoCare has no adequate remedy at law for the damage to its goodwill in the AdvoCare Marks and will continue to be irreparably damaged unless and until Limitless is enjoined from its infringing and illegal conduct as alleged herein.

### Third Cause of Action
**(Federal Unfair Competition/False Designation of Origin/False Advertising)**

44.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

45.     The use by Limitless of AdvoCare's Marks to identify the Limitless goods constitutes the use of a false designation of origin and false description and/or unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

46.     As a proximate result of such infringement, AdvoCare has suffered and will continue to suffer damages and Limitless will inappropriately profit from its violation of the AdvoCare trademark rights under the Lanham Act, in amounts to be proven at trial.

47.     By reason of Limitless' bad faith and willful conduct as described herein, Advocare, as the trademark owner, is entitled to recover actual damages, treble damages, an accounting of Limitless' profits, attorneys' fees, and the cost of this litigation pursuant to 15 U.S.C. § 1117.

48.     Limitless' conduct as alleged herein was and is willful and malicious and manifests a knowing and reckless indifference toward, and a disregard of, the rights of AdvoCare

4818-2406-5042

in the AdvoCare Marks.  AdvoCare is therefore entitled to recover punitive damages from Limitless pursuant to Utah Code Ann. § 78B-8-201.

49.     AdvoCare has no adequate remedy at law for the damage to its goodwill in the AdvoCare Marks and will continue to be irreparably damaged unless and until Limitless is enjoined from its infringing and illegal conduct as alleged herein.

**Fourth Cause of Action**
**(Blurring and Dilution by Tarnishment)**
**(Violation of the Lanham Act, 15 USCS § 1125(c))**

50.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

51.     AdvoCare Spark and Spark are famous and distinctive marks which are associated with the specific products of AdvoCare and which have the specific quality and certification of products manufactured and sold by AdvoCare.

52.     The Limitless Product is being promoted as "an energy drink on steroids," without disclosure of the ingredients, without certification that it does not contain banned substances, and with extremely greater levels of caffeine.  Users and endorsers of AdvoCare Spark and other products, including athletes, rely on the absence of banned substances in using AdvoCare Spark and other certified products to ensure they are not prohibited from competing in athletic competitions, events, and for their general health.  Advertising and promotion of other products by Limitless reference the use of human growth hormones (HGH), stem cells, levels of caffeine which exceed recommended levels, and secret ingredients, including ingredients which promote alertness after up to 3 days of sleep deprivation.  Any association of these attributes with the AdvoCare products, including AdvoCare Spark, or of banned substances such as HGH and steroids, dilutes the quality of the AdvoCare Marks, tarnishes the goodwill cultivated by AdvoCare in the AdvoCare Marks, and diminishes AdvoCare's capacity to identify and

17

distinguish its goods from products of competitors containing these substances and services. Any confusion in the marketplace which could lead an AdvoCare customer to ingest banned substances, excessive levels of caffeine, or an inferior product believing it was an AdvoCare product will not only irreparably injure AdvoCare and its distributors, it will irreparably injure the reputation and career of AdvoCare's customers who have come to rely on the quality and attributes of AdvoCare's Spark products, including the certification that they do not contain any banned substances.

53.     Limitless' use of marks which infringe upon the AdvoCare Marks in connection with the Limitless product constitutes an invasion of AdvoCare's property rights, damage to the goodwill AdvoCare has cultivated in the AdvoCare Marks, and will devalue and tarnish the AdvoCare Marks and the business reputation of AdvoCare.

### Fifth Cause of Action
### (Common Law Trademark Infringement)

54.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

55.     Limitless' conduct was and is likely to cause confusion and therefore constitutes infringement of the common law trademark rights of AdvoCare.

56.     As a result of Limitless' conduct, AdvoCare has suffered damages in an amount to be proven at trial.

57.     By reason of Limitless' bad faith and willful infringement, AdvoCare, as the trademark owner, is entitled to recover actual damages and Limitless' profits.

58.     Limitless' conduct as alleged herein was and is willful and malicious and manifests a knowing and reckless indifference toward, and a disregard of, the rights of AdvoCare

in the AdvoCare Marks.  AdvoCare is therefore entitled to recover punitive damages from Limitless pursuant to Utah Code Ann. § 78B-8-201.

59.     AdvoCare has no adequate remedy at law for the damage to its goodwill in the AdvoCare Marks and will continue to be irreparably damaged unless and until Limitless is enjoined from its infringing and illegal conduct as alleged herein.

**Sixth Cause of Action**
**(Common Law Unfair Competition)**

60.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

61.     Limitless' conduct constitutes unfair competition and unfair business practices by creating a likelihood of confusion, by misappropriating the unique reputation and goodwill of AdvoCare represented by the AdvoCare Marks thereby injuring that reputation and goodwill, and by diverting from AdvoCare the benefits arising therefrom.

62.     As a result of Limitless' conduct, AdvoCare has suffered damages in an amount to be proven at trial.

63.     By reason of Limitless' bad faith and willful infringement, AdvoCare, as the trademark owner, is entitled to recover actual damages and Limitless' profits.

64.     Limitless' conduct as alleged herein was and is willful and malicious and manifests a knowing and reckless indifference toward, and a disregard of, the rights of AdvoCare in the AdvoCare Marks.  AdvoCare is therefore entitled to recover punitive damages from Limitless pursuant to Utah Code Ann. § 78B-8-201.

65.     AdvoCare has no adequate remedy at law for the damage to its goodwill in the AdvoCare Marks and will continue to be irreparably damaged unless and until Limitless is enjoined from its infringing and illegal conduct as alleged herein.

4818-2406-5042

### Seventh Cause of Action
### (Utah Deceptive and Unfair Trade Practices Act)

66.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

67.     Limitless' conduct constitutes a deceptive trade practice and/or deceptive or misleading advertising practice in violation of the Utah Deceptive and Unfair Trade Practices Act Utah Code Ann. § 13-11a-1 et seq. (the "Utah Act").

68.     AdvoCare's letters of December 14, 2012 and January 8, 2013 constitute Notices of Violation under Utah Code Ann. § 13-11a-4(5) of the Utah Act.

69.     Limitless undertook no corrective action in response to the Notices of Violation.

70.     AdvoCare is therefore entitled to an injunction against Limitless, as well as an award of its costs and attorneys' fees, pursuant to Utah Code Ann. § 13-11a-4(2).

### Eighth Cause of Action
### (Request for Temporary Restraining Order and Preliminary Injunction)

71.     AdvoCare incorporates herein the allegations contained in the foregoing paragraphs of the Counterclaim.

72.     AdvoCare has superior and prior rights in the AdvoCare Marks.  The use of the mark "Spark", "Limitless Spark," or any other mark incorporating the word "Spark" by Limitless infringes upon and dilutes the AdvoCare Marks.  AdvoCare has a substantial likelihood of success on the merits of its claims against Limitless.

73.     The continued use of "Spark" by Limitless, including the roll-out of the product to its distributors at its convention beginning on or before February 8, 2013 is likely to cause immediate and irreparable injury to AdvoCare, AdvoCare distributors, and AdvoCare customers. Limitless has had actual knowledge of the AdvoCare Marks and is introducing Limitless' energy drink with a deceptively similar and confusing name.

74.     The threatened injury to AdvoCare outweighs any damage the injunction might cause Limitless.  AdvoCare's rights to the marks "Advocare Spark" and "Spark" attached upon its initial use as a trademark in 1994, and AdvoCare Spark has been a federally registered mark since 2007.  Limitless was only formed in the latter half of 2012, and has only recently began to advertise its products and is launching its company on February 8, 2013.  At this time it has not had its formal introductory convention to launch itself or products and has many other products to launch at its convention besides the Spark product.  The threatened injury to AdvoCare of having advertisements and sales of an energy drink bearing the mark "Spark" with claims that it is "an energy drink on steroids" being sold by a company that promotes products containing human growth hormones, stem cells, excessive amounts of caffeine, and undisclosed substances which may be banned substances for athletes is far greater and outweighs any risk of harm to stopping the sales before they start in earnest by Limitless.

75.     The injunction requested by AdvoCare will not disserve the public interest; in fact, it will serve the public's interest.

76.     The infringement is done knowingly and willfully and constitutes an exceptional case. AdvoCare is entitled to recover enhanced damages, including costs and attorneys' fees incurred.

**Prayer for Relief**

WHEREFORE, AdvoCare requests relief as follows:

1.     A temporary restraining order prohibiting Limitless, its officers, directors, employees, agents, representatives, and anyone acting on its behalf from using Limitless Spark, AdvoCare Spark, Spark, or any other trademark similar thereto, or likely to cause confusion therewith, in connection with the advertisement, sale, offering for sale, distribution, or promotion

of any product, including without limitation energy drinks or similar merchandise at any locality, including any use on the internet;

2.      A preliminary injunction prohibiting Limitless, its officers, directors, employees, agents, representatives, anyone acting on its behalf, and all those persons in active concert or participation with them, from using Limitless Spark, AdvoCare Spark, Spark, or any mark incorporating the word "Spark", or any other trademark similar thereto or likely to cause confusion therewith, in connection with the advertisement, sale, offering for sale, distribution, or promotion of any product, including without limitation energy drinks or similar merchandise at any locality, including any use on the internet;

3.      A permanent injunction prohibiting Limitless, its officers, directors, employees, agents, representatives, anyone acting on its behalf, and all those persons in active concert or participation with them, from using Limitless Spark, AdvoCare Spark, Spark, or any mark incorporating the word "Spark", or any other trademark similar thereto or likely to cause confusion therewith, in connection with the advertisement, sale, offering for sale, distribution, or promotion of any product, including without limitation energy drinks or similar merchandise at any locality, including any use on the internet;

4.      Destruction of all materials, including packaging, signs, labels, wrappers, advertising, promotion, displays, and removal from all websites and electronic communications, bearing the marks Limitless Spark, AdvoCare Spark, Spark,  or any mark incorporating the word "Spark", or any other trademark similar thereto or likely to cause confusion therewith;

5.      All profits received by Limitless from its infringing conduct;

6.      Enhanced damages in an amount to compensate AdvoCare for its losses, costs, and attorneys' fees incurred as a result of Limitless' infringement;

7.      Pre-judgment and post-judgment interest on all sums for which judgment is granted; and

8.      All such other and further relief, either in equity or at law, to which AdvoCare may be justly entitled.

## JURY DEMAND

AdvoCare hereby demands a trial by jury on all issues triable to a jury as a matter of right.

DATED:  February 4, 2013

                                      Respectfully submitted,

                                      PARR BROWN GEE & LOVELESS

By:  /s/ D. Craig Parry_____
            D. Craig Parry

Blake A. Bailey (Pro Hac Vice Admission Pending
CANTEY & HANGER L.L.P.

Attorneys for Defendant and Counterclaimant
AdvoCare International, LP

Defendant's address:

AdvoCare International, LP
2801 Summit Avenue
Plano, Texas 75074