Mark J. Williams (3494)
markwilliams@ppktrial.com
David R. Parkinson (8258)
davidparkinson@ppktrial.com
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
Telephone:  (801) 530-2900
Facsimile:  (801) 530-2957
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| LIMITLESS WORLDWIDE, LLC a Utah limited liability company, | : | |
| | : | |
| Plaintiff, | : | **Answer to Counterclaim** |
| v. | : | |
| | : | Case No.  2:13-cv-00040-TS |
| ADVOCARE INTERNATIONAL, LP, a Delaware limited partnership, | : | Judge Ted Stewart |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff/Counterclaim Defendant Limitless Worldwide, LLC ("Plaintiff" or "Limitless") answers the Counterclaim filed by Defendant/Counterclaimant AdvoCare International ("Counterclaimant" or "AdvoCare") as follows:

**FIRST AFFIRMATIVE DEFENSE**

AdvoCare's Counterclaim fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Limitless answers and responds to the numbered paragraphs contained in said Counterclaim as follows:

1. Limitless denies the allegations contained in this paragraph because of insufficient knowledge or information.

2. Limitless admits the allegations of this paragraph.

3. Limitless admits the allegations of this paragraph.

4. Limitless admits the allegations of this paragraph.

5. Limitless admits AdvoCare markets and sells certain products, but denies that Spark is the dominant portion of the mark, and denies the remaining allegations of this paragraph.

6. Limitless asserts that the advertisements speak for themselves, and denies the remaining allegations contained in this paragraph because of insufficient knowledge or information.

7. Limitless admits that Counterclaimant applied for and received a certificate of registration for "AdvoCare Spark," asserts that the packaging speaks for itself, but denies the remaining allegations contained in this paragraph because of insufficient knowledge and information.

8. Limitless admits that AdvoCare Spark purports to be an energy drink, but denies the remaining allegations contained in this paragraph because of insufficient knowledge or information.

9. Limitless denies that Spark is the dominant portion of the mark, and denies the remaining allegations contained in this paragraph because of insufficient knowledge and information.

10. This paragraph contains a legal conclusion, not requiring a response. Nevertheless, to the extent it misstates or mischaracterizes the applicable law, it is denied.

11. This paragraph contains a legal conclusion, not requiring a response. Nevertheless, to the extent it misstates or mischaracterizes the applicable law, it is denied.

12. Limitless denies the allegations contained in this paragraph because of insufficient knowledge or information.

13. Limitless denies Limitless denies the allegations contained in this paragraph because of insufficient knowledge or information.

14. Limitless admits, based on information and belief, that Counterclaimant sells its products through distributors directly or through its website, but denies the remaining allegations contained in this paragraph  because of insufficient knowledge or information.

15. Limitless specifically denies that AdvoCare Spark and Spark are famous marks, and denies the remaining allegations contained in this paragraph because of insufficient knowledge or information.

16. Limitless denies the allegations contained in this paragraph because of insufficient knowledge or information.

17. Limitless admits that it is not affiliated, sponsored, or approved by AdvoCare to use any AdvoCare  marks, but specifically denies that AdvoCare has any rights to "Spark," and

denies the remaining allegations of this paragraph because of insufficient knowledge or information.

18. Limitless asserts that the advertising materials through its website speak for themselves, and to the extent Counterclaimant has misquoted or mischaracterized any of those materials, it is denied.

19. Limitless admits that both Limitless Spark and AdvoCare Spark are or purport to be energy drinks promoted to increase mental focus and energy, and that each party distributes its respective product through distributors and over the internet on its dedicated site. Limitless admits it has applied for membership in the Direct Selling Association, but Limitless denies the remaining allegations and any implication that the parties directly compete with the products.

20. Limitless denies the allegations contained in this paragraph.

21. Limitless admits receiving both letters, but denies it failed to respond. Limitless further asserts that the Complaint filed in this action speaks for itself, and to the extent Counterclaimant mischaracterizes or misstates any of the allegations of the Complaint, it is denied. The remaining allegations contained in this paragraph are denied.

22. Limitless asserts that the advertising for its product speaks for itself, and denies any misstatement or mischaracterization of said advertising in this paragraph, denies that its product or advertising for that product creates any risk of harm to Counterclaimant, and denies the remaining allegations of this paragraph because of insufficient knowledge or information.

23. Limitless admits the allegations contained in this paragraph, except that it denies the allegation that its use of "Spark" in conjunction with "Limitless" is an infringing use.

24. Limitless denies the allegations contained in this paragraph.

25. Limitless incorporates its answers to the foregoing numbered paragraphs of the Counterclaim.

26. Limitless asserts that this paragraph contains legal conclusions, which are denied to the extent they misstate or mischaracterize the law applied to the facts, and specifically denies that "AdvoCare Spark" is inherently distinctive and famous. Limitless denies the remaining allegations of this paragraph because of insufficient knowledge or information.

27. Limitless admits marketing and selling Limitless Spark, but denies the remaining allegations contained in this paragraph.

28. Limitless denies the allegations contained in this paragraph.

29. Limitless denies the allegations contained in this paragraph.

30. Limitless denies the allegations contained in this paragraph.

31. Limitless denies the allegations contained in this paragraph.

32. Limitless denies the allegations contained in this paragraph.

33. Limitless incorporates its answers to the foregoing numbered paragraphs of the Counterclaim.

34. Limitless admits, based on information and belief, that Counterclaimant's use of "Spark" predates Limitless's use of that name, but denies the remaining allegations of this paragraph.

35. Limitless denies the allegations contained in this paragraph.

36. Limitless denies the allegations contained in this paragraph.

37. Limitless denies the allegations contained in this paragraph because of insufficient knowledge or information.

38. Limitless admits it is not required to obtain the authorization or consent of AdvoCare to sell and market Limitless Spark, and denies the remaining allegations contained in this paragraph.

39. Limitless denies the allegations contained in this paragraph.

40. Limitless denies the allegations contained in this paragraph.

41. Limitless denies the allegations contained in this paragraph.

42. Limitless denies the allegations contained in this paragraph.

43. Limitless denies the allegations contained in this paragraph.

44. Limitless incorporates its answers to answers to the foregoing numbered paragraphs of the Counterclaim.

45. Limitless denies the allegations contained in this paragraph.

46. Limitless denies the allegations contained in this paragraph.

47. Limitless denies the allegations contained in this paragraph.

48. Limitless denies the allegations contained in this paragraph.

49. Limitless denies the allegations contained in this paragraph.

50. Limitless incorporates its answers to answers to the foregoing numbered paragraphs of the Counterclaim.

51. Limitless denies the allegations contained in this paragraph.

52. Limitless asserts that its advertisement material speaks for itself, and denies any misstatements or mischaracterizations by Counterclaimant. Limitless denies the remaining allegations of this paragraph.

53. Limitless denies the allegations contained in this paragraph.

54. Limitless incorporates its answers to answers to the foregoing numbered paragraphs of the Counterclaim.

55. Limitless denies the allegations contained in this paragraph.

56. Limitless denies the allegations contained in this paragraph.

57. Limitless denies the allegations contained in this paragraph.

58. Limitless denies the allegations contained in this paragraph.

59. Limitless denies the allegations contained in this paragraph.

60. Limitless incorporates its answers to answers to the foregoing numbered paragraphs of the Counterclaim.

61. Limitless denies the allegations contained in this paragraph.

62. Limitless denies the allegations contained in this paragraph.

63. Limitless denies the allegations contained in this paragraph.

64. Limitless denies the allegations contained in this paragraph.

65. Limitless denies the allegations contained in this paragraph.

66. Limitless incorporates its answers to answers to the foregoing numbered paragraphs of the Counterclaim.

67. Limitless denies the allegations contained in this paragraph.

68. Limitless asserts that this paragraph contains a legal conclusion, and denies any misstatement or mischaracterization of law, as applied to the stated facts.

69. Limitless denies the allegations contained in this paragraph.

70. Limitless denies the allegations contained in this paragraph.

71. Limitless incorporates its answers to answers to the foregoing numbered paragraphs of the Counterclaim.

72. Limitless denies the allegations contained in this paragraph.

73. Limitless denies the allegations contained in this paragraph.

74. Limitless denies the allegations contained in this paragraph.

75. Limitless denies the allegations contained in this paragraph.

76. Limitless denies the allegations contained in this paragraph.

### THIRD AFFIRMATIVE DEFENSE

Limitless hereby denies every allegation of the Counterclaim not otherwise previously admitted in this Answer to Counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaimant may have failed to mitigate its damages, if any, and therefore, its claims are reduced or barred to the extent of such failure.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaimant's claims may be barred by the equitable doctrines of waiver, estoppel, ratification, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaimant has failed to establish any enforceable rights in or to the use of "Spark." Therefore, plaintiff's claims for damages and all relief, including injunctive relief, should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Counterclaimant's only protected registered trademark is for "AdvoCare Spark," and not for "Spark." Therefore, Limitless, by using its mark "Limitless Spark," has not infringed in any manner on Counterclaimant's trademark, and this action should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's use of "Limitless Spark" does not create any risk of, and has not caused any, damages to Counterclaimant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's use of "Limitless Spark" is not deceptive nor does it cause any confusion or mistake with consumers when compared with "AdvoCare Spark."

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's use of "Limitless Spark" was not done with the intention or knowledge that it was likely to cause confusion or mistake or to deceive consumers when compared with or relating to "AdvoCare Spark."

## ELEVENTH AFFIRMATIVE DEFENSE

Neither "AdvoCare Spark" nor "Spark" qualifies as famous trademarks. Thus, Counterclaimant claims under 15 U.S.C.§1125(c) for dilution by blurring and tarnishment should be dismissed.

## TWELTH AFFIRMATIVE DEFENSE

Counterclaimant cannot prove any dilution of its registered trademark, "AdvoCare Spark;" therefore, this Counterclaim should be dismissed.

### THIRTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's claim for punitive damages should be dismissed because it cannot prove by clear and convincing evidence each element of Utah Code Ann. §78B-8-201.

### FOURTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's claim for punitive damages should be dismissed because Limitless did not act willfully, maliciously, intentionally fraudulently, or with knowing and reckless indifference or disregard for the rights of Counterclaimant or Counterclaimant's registered trademark because: (1) "Limitless Spark" does not infringe on or interfere with "AdvoCare Spark", and (2) "Spark" is not a protected trademark of Counterclaimant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's claim for punitive damages is barred by the due process clause of the Fifth Amendment of the United States Constitution and by Article 1, Section 7 of the Constitution of the State of Utah.

### SIXTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's claim for punitive damages is barred by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any of Counterclaimant's claims against Limitless are deemed to be frivolous and unsubstantiated, Limitless is entitled to recover its reasonable attorneys' fees and costs and expenses of defending against this Counterclaim pursuant to Utah Code Ann. §78B-5-825.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Limitless is entitled to its reasonable attorneys' fees, costs, and expenses incurred in defending against this Counterclaim pursuant to 15 U.S.C. §1117(a) and Utah Code Ann. §13-11a-4(2)(c).

### NINETEENTH AFFIRMATIVE DEFENSE

Limitless denies that Counterclaimant is entitled to judgment in its favor or for any relief sought, including the relief requested in its prayer for relief. And Limitless reserves the right to amend this Answer in order to assert any additional defenses as may be revealed by discovery or otherwise hereafter.

### PRAYER FOR RELIEF

Limitless requests this Court:

1. To dismiss the Counterclaim and all claims for relief therein;

2. To award Limitless its attorneys', costs, and expenses incurred in defending against the Counterclaim;

3. To grant declaratory judgment as requested in Plaintiff's Complaint filed in this action; and

4. For such other and further relief as the Court deems just, equitable and proper.

DATED this 25th day of February, 2013.

        /s/ Mark J. Williams
        MARK J. WILLIAMS
        DAVID R. PARKINSON
        Attorneys for Plaintiff/Counterclaim Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2013, a true and correct copy of ANSWER TO COUNTERCLAIM was served via the Court's CM/ECF electronic case filing system to the following:

D. Craig Parry
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, UT 84111
cparry@parrbrown.com


Blake A. Bailey
CANTEY HANGER L.L.P.
1999 Bryan Street, Suite 3300
Dallas, TX  75201
bbailey@canteyhanger.com


        /s/ Mark J. Williams
        Mark J. Williams