Jeffrey J. Hunt (5855)
D. Craig Parry (7274)
Mary Ann C. May (13296)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone:  (801) 532-7840
Facsimile:  (801) 532-7750
jhunt@parrbrown.com
cparry@parrbrown.com
mmay@parrbrown.com

T. Lee Wilkins (Admitted Pro Hac Vice)
Christopher Elam (Admitted Pro Hac Vice)
Lee Michael Kirner (Admitted Pro Hac Vice)
CANTEY HANGER L.L.P.
1999 Bryan Street, Suite 3300
Dallas, Texas  75201
Telephone: (214) 978-4100
Facsimile:  (214) 978-4150
lwilkins@canteyhanger.com
celam@canteyhanger.com
lkirner@canteyhanger.com

*Attorneys for Defendant and Counterclaimant AdvoCare International, LP*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LIMITLESS WORLDWIDE, LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>ADVOCARE INTERNATIONAL, LP,<br><br>           Defendant. | **CONSENT JUDGMENT AND ORDER**<br><br>Case No. 2:13-cv-00040<br><br>Judge Ted Stewart |

Based upon the Stipulation of Plaintiff Limitless Worldwide, LLC ("Limitless") and Defendant AdvoCare International, LP ("AdvoCare"), the Court hereby enters the following Consent Judgment and Order.

**FINDINGS OF FACT**

**The Business of AdvoCare and its Commercial Use and Registration
of the AdvoCare Spark Mark**

1. AdvoCare is a direct selling company based in Plano, Texas. AdvoCare formulates and manufacturers a variety of energy, weight-loss, nutrition, and sports performance products that it distributes through a national network of independent distributors.

2. In 1994, AdvoCare introduced a nutritional energy drink called "Spark," that is now the company's largest selling and flagship product ("AdvoCare Spark").

3. AdvoCare promotes Spark as an energy drink containing vitamins and minerals which can enhance mental focus and increase energy.

4. Since 1994, AdvoCare has continuously and uninterruptedly marketed and advertised its nutritional energy drink product as "Spark," and has spent millions of dollars promoting and advertising the Spark product through local and national media outlets, television commercials, Internet advertising, and multi-year sponsorships of professional and collegiate sporting events, including a NASCAR race and a NCAA Football Bowl Game.

5. In 2003, AdvoCare filed an application to federally register a trademark for the words "AdvoCare Spark." In 2007, the application was approved and a certificate of registration was issued to AdvoCare for the words "AdvoCare Spark," bearing Registration No. 3,303,370, in connection with goods described as "nutritional dietary supplement in the form of a powdered

drink mix."  AdvoCare has continuously and uninterruptedly used the mark AdvoCare Spark in commerce since 2003.

6. For many years, the word "Spark" appeared on the packaging of the Spark product without the word "AdvoCare" appearing near it.  In its current packaging, the "Spark" mark appears in significantly larger type than the word "AdvoCare" and is the dominant feature of the mark as used in commerce and as registered.

7. Through its advertising and promotion efforts, as well as those of its distributor network, AdvoCare has developed significant and valuable goodwill associated with the AdvoCare Spark mark and the Spark mark.

## Limitless' Marketing and Sale of Limitless Spark

8. Limitless is a direct selling company formed in 2012 and based in Salt Lake County, Utah.  Limitless contracts with a corporate affiliate, Basic Research, LLC, to formulate and manufacture a variety of nutritional and personal care products that Limitless distributes through a national network of independent distributors.

9. In 2013, Limitless began marketing and selling a nutritional energy drink using the name "Spark," "Limitless Spark," Limitless Worldwide Spark," and "Limitless Spark Liquid Shot" (collectively and individually referred to herein as "Limitless Spark").

10. Limitless promotes Limitless Spark as a "reaction time accelerator," meaning it can improve reaction time during physical and mental activities, as well as increase mental focus and energy.

11. Like AdvoCare Spark, Limitless Spark is distributed by Limitless product through a network of independent distributors.

## The Parties' Allegations

12. AdvoCare has asserted claims against Limitless for trademark infringement, unfair competition, and unfair trade practices under the federal Lanham Act, common law, and Utah state law. Each of these claims is based upon Limitless' use of the word "Spark" in the advertisement and sale of its competing nutritional energy drink, Limitless Spark.

13. AdvoCare alleges that Limitless' use of "Spark" in the packaging, marketing, advertising, and sale of Limitless Spark is causing actual and likely confusion between the Limitless Spark product and AdvoCare Spark product.

14. AdvoCare further alleges that confusion is likely because AdvoCare Spark and Limitless Spark are competing products marketed under the same name – "Spark" – both products compete in the nutritional energy drink market segment, both are promoted to increase mental focus and energy, and both are marketed and sold through similar sales channels.

15. Limitless denies AdvoCare's allegations of infringement and unfair competition and has sought a declaration from the Court that it is not infringing any trademark or other right of AdvoCare through its use of the "Spark" mark to identify its product.

16. In order to resolve the disputed claims of this action, the parties have agreed to enter concurrently into a Settlement Agreement and Release (the "Settlement Agreement") whereby Limitless agrees to sell, transfer, and assign all of its rights in and to its use of "Spark" to AdvoCare. AdvoCare has agreed to the payment of a confidential sum to Limitless to resolve the claims in this action.

Based upon the stipulation of the parties, including a stipulation to the foregoing Findings of Fact and the following form of Order, the Court hereby issues the following Permanent Injunction and Order.

# PERMANENT INJUNCTION AND ORDER

1.      The "AdvoCare Spark" mark is a valid, incontestable, federally registered trademark owned by AdvoCare.

2.      The "Spark" mark is a "suggestive" mark under applicable law and thus is inherently distinctive and entitled to federal trademark protection.

3.      Beginning no later than July 31, 2014, Limitless, and any and all individuals and entities under its direction or control, including, without limitation, its parent, subsidiary or affiliated entities, as well as its agents, servants, partners, members, employees, officers, directors, and attorneys, and any and all persons in active concert or participation with Limitless, and any of their successors or assigns, who receive notice of this Permanent Injunction and Order (collectively and individually hereinafter referred to as the "Limitless Parties"), are permanently and forever enjoined from the manufacture, distribution and sale of any product, including without limitation the Limitless Spark product, that is labeled, branded, contains, or uses the word "Spark," either alone or in combination with other words or characters, or any derivation of the word "Spark."  Notwithstanding the foregoing, the Limitless Parties shall not be responsible for stopping the resale of any Limitless Spark product that Limitless sold and delivered to its distributors or customers prior to July 31, 2014.

4.      Beginning no later than July 31, 2014, the Limitless Parties further are permanently and forever enjoined from using the words "Limitless Spark," "Limitless Worldwide Spark," "Spark Liquid Shot," "Spark," or any other derivation of the word "Spark," either alone or in connection with the manufacturing, packaging, labeling, marketing, promotion or advertisement (including advertising and promotion activities on the Internet), of any products, including without limitation the Limitless Spark product.  Notwithstanding the

foregoing, Limitless may, until December 31, 2014, make reference to the former Limitless Spark product in printed product fact sheets or fliers, as well as on the Limitless Worldwide websites, for the sole and limited purpose of informing Limitless distributors and customers of its brand name change from Limitless Spark to Reaction Time Accelerator or another name not using the word "Spark."

5.	This action, and all claims asserted herein are hereby dismissed with prejudice, each party to bear its own attorneys' fees, costs, and expenses.  The Court shall retain jurisdiction, venue, and authority to enforce the terms of this Permanent Injunction and Order.

The Clerk's Office is directed to close the case.

SO ORDERED.

DATED this ____ day of July, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July, 2014, a true and correct copy of the foregoing **CONSENT JUDGMENT AND ORDER** was served via the Court's CM/ECF system, providing electronic service on the following:

>Mark J. Williams markwilliams@ppktrial.com
>David R. Parkinson davidparkinson@ppktrial.com
>PRICE PARKINSON & KERR, PLLC
>5742 West Harold Gatty Drive
>Salt Lake City, UT  84116

/s/ D. Craig Parry